■ Liberty Coaches, Inc., et al., Appellants, et al., Plaintiff, v Mobil Oil Corporation, Respondent.—In an action *inter alia* for a judgment declaring the price per gallon that defendant could charge for certain petroleum products under separate contracts between each plaintiff and defendant, plaintiffs Liberty Coaches, Inc., and Westchester Street Transportation Co., Inc., appeal from an order of the Supreme Court, Westchester County, dated May 16, 1974, which treated defendant's motion to dismiss the complaint as to said plaintiffs for failure to state a cause of action as a motion for summary judgment, and, *inter alia,* granted the motion. Order modified, on the law, by deleting the second decretal paragraph thereof (which dismissed the complaint as to appellants) and by substituting therefor provisions that (1) the prices to be charged for the specified petroleum products are as set forth in paragraph 2 of each contract and (2) the price riders to each contract expired at the end of the time periods explicitly provided for therein and were not extended by the contract renewals. As so modified, order affirmed, with $50 costs and disbursements to defendant. No fact questions were presented on this appeal. The contracts involved in this case provide that the prices for defendant's petroleum products not covered by the price riders to the contracts shall be the prices posted by defendant at its shipping point. The riders were of limited duration and, by their express terms, expired in October, 1973. However, the contracts themselves

were in effect subsequent to the expiration of the riders and, during that time, the posted prices governed the amounts defendant could charge for its products. We note that Special Term should have made an appropriate declaration in its order rather than dismissing the complaint (see *Lanza v Wagner,* 11 NY2d 317, 334). Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.